HUTCHINSON v. McCADDON et al.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

WILLS ⬤⟞166—UNDUE INFLUENCE—SUFFICIENCY OF EVIDENCE.

In an action to contest a will, the competent evidence, apart from that inadmissible because not bearing on the issues submitted to the jury, *held* insufficient to show undue influence exerted on testatrix by her brother.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 421–437; Dec. Dig. ⬤⟞166.]

Appeal from Special Term, Westchester County.

Action by Anna Isabelle Hutchinson against Joseph T. McCaddon and Theodore D. McCaddon, individually and as executors of Ruth L. Bailey, deceased, and others. From an order setting aside a verdict for defendants McCaddon and Harper, and granting a new trial, they appeal. Reversed, and verdict reinstated.

See, also, 157 App. Div. 927, 142 N. Y. Supp. 1123.

Argued before JENKS, P. J., and CARR, STAPLETON, RICH, and PUTNAM, JJ.

Delevan A. Holmes, of New York City (Charles P. Rogers, of New York City, on the brief), for appellants.

Arthur M. Johnson, of Mt. Vernon, and J. H. Auchincloss, of New

York City (John T. Bottom, of Denver, Colo., on the brief), for respondent.

JENKS, P. J. The plaintiff contests the will of her sister, Ruth Bailey. Upon the sole issue submitted, namely, whether the will was procured by the undue influence of the defendant J. F. McCaddon, who was a brother of the said testatrix, the jury found for the defendants. But the learned justice who presided set the verdict aside for erroneous admission of testimony. The testimony was of statements made by the testatrix, subsequent to the execution of the will, why she did not, as she once expressed it, make the plaintiff "an heir," and involved strictures upon the conduct of her nephews subsequent to the execution of a prior will. The issues originally tendered by the plaintiff comprised failure of proper execution of the will and the unsound mind and physical weakness of the testatrix to the extent of testamentary incapacity. As we understand it, the learned trial court thought it erred because, at the close of the plaintiff's case, it had announced that it would submit to the jury only the question of undue influence, and therefore that such testimony was inadmissible on the question of fraud or duress. Waterman v. Whitney, 11 N. Y. 157, 62 Am. Dec. 71; Smith v. Keller, 205 N. Y. 39, 98 N. E. 214.

We think that the verdict should be reinstated, because it is obvious that with such testimony rejected the plaintiff should not have gained a verdict. Rogers v. Wheeler, 52 N. Y. 262; McGean v. Manhattan Railway Co., 117 N. Y. 219, 22 N. E. 957; 38 Cyc. 1437. The testatrix was the childless relict of Bailey, who accumulated a large fortune as a showman. The will was made in 1908, and the testatrix died in 1912. After some comparatively small bequests, she conveyed the residuary estate of about $1,500,000 to her two brothers as trustees, with directions that in the event of the survival of the plaintiff they should provide for a life annuity to her of $10,000 per annum, and that upon her death the corpus set apart for such annuity should revert to the residuary estate. She provided that the residuary estate should be paid absolutely and equally to her said two brothers and her sister, Lillie Harper, with directions that, in case of the death of any of them without issue, there should be equal distribution to the survivors.

The general scheme was in recognition of natural claimants, and abnormal only in the discrimination against the plaintiff. The effect of that discrimination was to cut off the children of the plaintiff from any benefit under the will, or through any disposition which the plaintiff might make if any absolute estate had been given to her. The plaintiff shows that in 1906 the testatrix made a former will, whereby she provided for the plaintiff as for her other brothers and sisters. She adduces proof to show the testatrix's feelings towards her nephews and towards McCaddon, respectively. She adduces proof that McCaddon lived with the testatrix, was always at her elbow, had a large part in the management of her affairs, and that he was bitter against his said nephews. The nephews had risen to responsible positions in the employ of the testatrix's husband, and there is proof that he and

the testatrix for a long time held them in high affection. There is proof that McCaddon once had left such employ to set up a rival show, and that the testatrix and her husband condemned what they considered his disloyalty in unmeasured terms. But there is also proof that permits the inference that, prior to the death of the testator's husband, he, the testatrix, and McCaddon were on friendly, if not intimate, terms. And there is proof that during the period that intervened the making of the first will and the last will the testatrix became much displeased with her said nephews because they opposed and sought to thwart her desire to have McCaddon made a director in the corporation which maintained the show, in order that he might co-operate with them, and that this displeasure was great. The testatrix tried to bring her nephews and McCaddon in harmony, but apparently they could not work together. During that interval the nephews left the corporation and entered upon other ventures of a similar character, but McCaddon remained until the sale of the corporation.

The facts that the testatrix once held her nephews in warm affection, and once was incensed against her brother, do not import that this woman could not suffer a change of heart. Such change might be ascribed to caprice, without the influence of McCaddon. And it might, upon the evidence, be attributed to this subsequent conduct as viewed by the testatrix, for the proof permits the inference that, as time went on, McCaddon made peace and the nephews made strife, both with the testatrix. McCaddon had the opportunity, and the proof permits the conclusion, that he had the animus, to deal his nephews a blow through the will of the testatrix. But that is not enough. There is no contention that he exercised any physical restraint upon the testatrix. And, although the plaintiff could establish indirectly undue influence, there are no circumstances which permit no other inference than that the testatrix wrote, not her own will, but that of McCaddon under his coercion and duress. She is described as a woman of strong mind and will, and there is not a bit of evidence to indicate that McCaddon dominated her or effaced her in any way. Undoubtedly she was warmly attached to the plaintiff, but the plaintiff personally is amply provided for as long as she lives. We conclude, then, that the plaintiff did not sustain the burden which was upon her, even though the evidence referred to by the learned trial court is stricken from the record.

The order is reversed, and the verdict is reinstated, with costs to the appellants. All concur.